420

## No. 21892.

BRUNO REITZ, ADMINISTRATOR OF THE ESTATE OF MARGARET A. REITZ, ALSO KNOWN AS MARGARET REITZ, DECEASED *v.* JOHN V. CHRISTENSEN, VINCENT A. McMILLEN AND JOHN NICHOLL, COUNTY COMMISSIONERS OF THE COUNTY OF ARAPAHOE, STATE OF COLORADO.

(431 P.2d 33)

Decided August 28, 1967.

JOHN D. SAVIERS, for plaintiff in error.

RICHARD D. DITTEMORE, for defendants in error.

*In Department.*

Opinion by MR. CHIEF JUSTICE MOORE.

PLAINTIFF in error, hereinafter referred to as Reitz, is here on writ of error seeking reversal of a judgment in favor of the Board of County Commissioners of Arapahoe county which was entered on a claim filed by the commissioners in the Estate of Margaret A. Reitz, deceased.

From the meager record which is presented to this court it appears that on April 8, 1963, a public health nurse, Billie Tower of the Tri-County District Health Department, in making a home visit found Margaret Reitz and her mother, Catherine Reitz, both bedridden and presumably being cared for by Bruno Reitz, Margaret's brother and Catherine's son. Both of them obviously needed medical care, treatment, and hospitalization but Bruno, who made the family decisions, refused to provide the badly needed medical care, as he had little confidence in doctors or materia medica.

Acting upon the emergency of the situation, Paul A. Stout, Director of the Arapahoe County Welfare Department, obtained from the trial court an Order to Hospitalize, which was never challenged and was valid at the time of the death of Margaret Reitz. This order of Judge Robert B. Lee, who was acting as a county judge at the time, committed Margaret Reitz to Colorado General Hospital, and, being eligible for support, care, and maintenance under the provisions of C.R.S. 1963, 36-10-9 (1), she was hospitalized at Colorado General Hospital on April 11, 1963, and died on May 2, 1963. Previously to this hospitalization she had been carried

as a General Assistance case by the Arapahoe County Welfare Department.

The county, having expended $852.04 on account of the hospitalization of Margaret Reitz, filed through its commissioners a claim in that amount against her estate, which claim was disputed by the administrator in the lower court and is the subject matter of this writ of error. The county's claim was predicated upon the obligation and authority of the county to obtain reimbursement in such instances, which authority is spelled out in C.R.S. 1963, 36-10-9 (1), pertinent portions of which declare:

"* * * If at any time the pauper, or the person liable for the support of such pauper, as in this article provided, shall acquire or come into possession of property, moneys, or credits in his own right, he shall be answerable to such county for the expenses of furnishing such relief; the amount thereof to be fixed by resolution of the board of commissioners of such county, and collected by suit in any court of competent jurisdiction."

The county's obligation to pay Colorado General Hospital for care given to its patients is stated in C.R.S. 1963, 124-4-7, which provides:

"PER DIEM COST — county patients. (1) The board of regents shall determine from time to time the actual per diem cost per patient of care, treatment, nursing, food and necessities, including general maintenance and administration, furnished by said hospital.

"(2) For each county patient a charge against the county of legal residence of said patient shall be made at a rate fixed by the said board of regents from year to year, but at no time shall such charge to the county exceed a rate of one-half the per diem cost. ·  ·

"(3) At its first meeting in each month, the board of regents of the university of Colorado shall prepare and transmit to the respective board of county commissioners of the several counties liable for such hospital care, a certificate showing in detail the person on whose

account such expenses were incurred, the amount due on each such person, respectively, for the month preceding, and the said board of county commissioners shall allow the sum so certified against the respective counties and shall pay the same in cash to the hospital the same as other current expenses of said county."

As grounds for reversal of the judgment it is argued that the commissioners did not prove the claim "in the same manner and by like evidence as required in civil actions" and that such proof "may not be waived by the Administrator of the estate." No reporter's transcript is before this court; all that appears are exhibits offered and received without objection. It is apparent, however, from the statements contained in the briefs that the facts concerning the hospitalization, medical attention, and the value thereof, were not in dispute before the trial court. The argument here advanced on this point is without merit.

The main thrust of the argument for reversal is that,

"Margaret Reitz And/Or Her Estate As A Matter Of Law, Can Be Liable Only To The State of Colorado For Services Rendered By Colorado General Hospital, 63 CRS 36-10-9 (2) Prohibits Arapahoe County From Paying Colorado General Hospital For Services Rendered to Margaret Reitz. * * *"

The section of the statute to which reference is made re'ates to "Claims for the care, support, maintenance, education and treatment of mentally ill and mentally deficient poor persons who are admitted, committed or transferred to a public institution of this state * * *." In the instant case Margaret A. Reitz was hospitalized and cared for as a general patient at the Colorado General Hospital, and her care was paid for by the county in the same manner in which the county pays for all its general assistance cases, all as required by C.R.S. 1963, 124-4-7, *supra.*

We are not here concerned with the technical

424

validity of the order entered by Judge Lee which authorized the hospitalization of the deceased. This order was not objected to and its validity must be presumed.

The judgment is affirmed.

MR. JUSTICE SUTTON, MR. JUSTICE PRINGLE and MR. JUSTICE KELLEY concur.